HAGEDORN, J.[1]
¶1 The circuit court determined that Faith A. Parafiniuk improperly refused to submit to a chemical test under WIS. STAT. § 343.305(9). Parafiniuk contends that this conclusion is erroneous because the underlying traffic stop was unlawful. We affirm the circuit court's decision.
¶2 On February 14, 2018, at about 6:00 p.m., a City of Princeton police officer was driving patrol on Highway 23 in Green Lake County. While he was completing an eastbound turn onto Old Green Lake Road, a vehicle entered the roadway directly in front of him such that he had to "hit the brakes in order to avoid a collision." The vehicle had entered Old Green Lake Road from an adjacent parking lot and quickly pulled into a gas station on the opposite side of the roadway. The officer initiated a traffic stop.
¶3 The officer identified Parafiniuk-whom he had previously encountered on multiple occasions-and asked her to exit the vehicle in light of her "abnormal behavior," which included exaggerated expressions and accelerated speech. As she complied, the officer observed that Parafiniuk had dilated pupils and bloodshot eyes, and exhibited uncharacteristic demeanor, slight losses of balance, and general confusion. Based on these observations, the officer had Parafiniuk perform field sobriety tests. Thereafter, he placed her under arrest for operating a motor vehicle while intoxicated (OWI), a fourth offense. Parafiniuk refused to submit to a chemical test of her blood and later requested a hearing on her refusal.
¶4 At the hearing, Parafiniuk argued that her refusal was lawful because the officer lacked reasonable suspicion to initiate the traffic stop and to conduct the field sobriety tests. Given the officer's undisputed testimony, as summarized above, the circuit court concluded that there was reasonable suspicion at each stage of the stop, as well as probable cause to believe that Parafiniuk had been operating the vehicle while intoxicated. In turn, the court determined that her refusal to submit to a chemical test was not reasonable. Parafiniuk appeals from the resulting judgment and order.
¶5 On appeal, Parafiniuk renews her reasonable suspicion arguments as to the initiation and extension of the traffic stop.[2] These arguments implicate her constitutional protection from unreasonable searches and seizures. U.S. CONST. amend. IV ; WIS. CONST. art. I, § 11. Accordingly, whether an investigatory traffic stop was based on reasonable suspicion presents a question of constitutional fact. State v. Powers , 2004 WI App 143, ¶6, 275 Wis. 2d 456, 685 N.W.2d 869. To review such questions, we apply the clearly erroneous standard to the circuit court's findings of historical fact, but consider de novo the application of constitutional principles to those findings. Id.
¶6 A law enforcement officer may initiate an investigatory stop if he or she reasonably suspects that an individual has violated or is violating a traffic law. State v. Hogan , 2015 WI 76, ¶34, 364 Wis. 2d 167, 868 N.W.2d 124. A justifiable stop may also be extended if the officer becomes aware of additional information that is itself supported by a legal basis for further investigation. Id. , ¶35. "The question of what constitutes reasonable suspicion is a common sense test: under all the facts and circumstances present, what would a reasonable police officer reasonably suspect in light of his or her training and experience." State v. Young , 212 Wis. 2d 417, 424, 569 N.W.2d 84 (Ct. App. 1997).
¶7 The circuit court determined the traffic stop was lawfully initiated after it found that Parafiniuk had entered the roadway without yielding to approaching vehicles, contrary to WIS. STAT. § 346.18(4). As she did below, Parafiniuk argues that the evidence did not clearly show whether the officer had fully completed his turn onto Old Green Lake Road-such that he was "approaching"-by the time she entered the roadway. The precise status of his turn notwithstanding, the officer testified that he "hit the brakes in order to avoid a collision" with her vehicle. That being the case, we see no reason to disrupt the circuit court's factual findings and conclude that there was reasonable suspicion to initiate the stop.
¶8 Parafiniuk next argues that even if she was lawfully stopped the officer did not have the requisite suspicion to conduct the field sobriety tests.[3] We disagree. The officer could order Parafiniuk out of the vehicle without raising constitutional concerns. State v. Floyd , 2017 WI 78, ¶24, 377 Wis. 2d 394, 898 N.W.2d 560 (quoting Pennsylvania v. Mimms , 434 U.S. 106, 111 n.6 (1977) ). The circuit court found that, before the tests were conducted and in addition to the dangerous driving behavior, the officer noticed Parafiniuk's body movements and speech were unusual in comparison with their prior interactions. The record supports these findings. It also shows the officer had observed Parafiniuk's bloodshot eyes, dilated pupils, and uneasy balance by that point. Collectively, this evidence establishes that the stop was lawfully extended.
¶9 Because there was reasonable suspicion to initiate and extend the traffic stop, we conclude that Parafiniuk's refusal to submit to the chemical test was improper.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version.

At a hearing on a refusal to submit to a chemical test, the circuit court must determine whether the driver " 'was lawfully placed under arrest' for violation of an OWI-related statute." State v. Anagnos , 2012 WI 64, ¶29, 341 Wis. 2d 576, 815 N.W.2d 675 (emphasis omitted) (quoting Wis. Stat. § 343.305(9)(a) 5.a.). Within that inquiry, "the circuit court may entertain an argument that the arrest was unlawful because the traffic stop that preceded it was not justified by probable cause or reasonable suspicion." Anagnos , 341 Wis. 2d 576, ¶42.

The State asserts that Parafiniuk forfeited this issue because it was not raised during the refusal hearing. While Parafiniuk's abbreviated argument at the hearing did not address this issue as clearly as she now does in her appellate briefing, it was sufficient such that the circuit court made a determination on the matter. We will therefore consider its merits.